# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Alaa Soliman Abou Alheiyal,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Susan Jane Swensen, et al.,<br><br>　　　　Defendant. | 2:25-cv-02352-GMN-MDC<br><br>**ORDER** |

Pro se plaintiff filed a complaint, but he did not pay the filing fee or file an application to proceed in forma pauperis ("IFP"). *ECF No. 2*. Since plaintiff has not initiated this case with a filing fee or an IFP application, the Court denies all his pending motions without considering the merits of the motions. *ECF Nos. 5, 6, 7, and 8*.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. Plaintiff must not file any additional motions until he either pays the filing fee or files and is approved the appropriate IFP application.

**IT IS SO ORDERED THAT:**

1. Plaintiff's pending motions (ECF Nos. 5, 6, 7, and 8) are all **DENIED.**

2. By **March 25, 2026**, plaintiff shall either (1) file an application to proceed in forma pauperis on one of the Court's approved forms or (2) plaintiff must pay the full fee for filing a civil action.

3.  Failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

It is so ordered.

DATED February 23, 2026.



_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**