Alaa soliman Abou Alheiyal

Pro se plaintiff

1506 E Viking Rd #2

Las vegas ,NV,89119

Email : Alaa.Alheiyal@gmail.com


### United States District Court of Nevada


Alaa soliman Abou Alheiyal

Plaintiff


Susan Jane Swensen     )

Robert stoffel law group)                    Case No:2:25-CV-02352

Mcfarling law group      )

The eight judicial - Nevada family court)

Defendants )


Oral arguments requested     ( Yes )

- I -

<u>Plaintiff motion to set the point and authorities and the legal grounds of his claims in the above mentioned case .</u>

## Factual History

The plaintiff moves this court to seek justice against the criminal proceeding and behavior committed by the 4 defendants above including the criminal forcible disappearance of foreign citizen minor child by birth and fraud and forgery proceeding of changing the foreign citizen child legal identity in order to enforce the disappearance of the child from his father and legal guardian by law and constitution along with the forcible disappearance of the child from his family members . The defendants' proceedings include : fraud , forgery , perjury and corruption to the family court of Nevada accompanied with racism and hate towards the plaintiff from all the levels of the judicial authorities in Nevada .

since the defendants decrees proceedings without proper legal authority , proper legal jurisdictions or without following any proper minimum legal grounds and steps .

## Couple meets, marries, and Evelena is born.

In October of 2012, Soliman and Susan met at a party in the U.A.E. Susan told Soliman that she was a public school teacher in the USA and was deeply unhappy with life there because of her desire and inability to start a family. She found a better job opportunity in the U.A.E. and moved there to start a life.[2] Soliman told Susan that he was of Syrian origin and worked as an accountant at the General Motors agent in the Emirates. The couple married on August 15th, 2013 in the U.A.E. and welcomed baby girl, Evelena Sophia Abou Alheiyal, on

-3-

August 3rd, 2014. [3]

## Life in the U.A.E. for Evelena

The family lived in a city called Al Ain, located about an hour away from Dubai and Abu Dhabi, the capital of the U.A.E. Although, Soliman would take Evelena to a daycare each day and pick her up around his work schedule, while Susan worked teaching during the days and teaching online lessons at night, both parties contributed to the care taking of Evelena. Soliman's family, his mother, father, and sisters, would look after and care for Evelena when she was ill and unable to go. Soliman and Susan did have minor disagreements, but there was never any abuse between the parties or Evelena. [4]

Susan would take Evelena and spend two and a half months of summer in the United States despite the fact that Soliman could not come because he did not have an American visa. From 2014 to 2015, Soliman began the immigration process that would enable him to follow Susan when she took the child. However, because of Susan's residency status in the U.A.E., he was unable to obtain a sponsor living and working full time in the USA as he had no connection to the USA other than through Susan and all evidence indicated that the family intended

-4-

to stay there. Thus, his application was denied in 2015.[5]

In October 2016, while Soliman was out of the country on a two-week trip, Susan informed him that she was suffering leg pain and she would go to a hospital to be examined. Soliman immediately began making arrangements with his family for the care of Susan and Evelena. When informed that Susan's condition was serious, Soliman attempted to change his return ticket to return as soon as possible, but the earliest return was the pre-booked ticket due to cultural festivals during that period. Soliman arranged for his family to stay with Susan and care for Evelena throughout the week-long hospital stay and he called daily to check on her condition.

**Susan leaves and take Evelena without Soliman's Knowledge**

February 20th, 2017 started off normally for Soliman. He took Evelena to daycare and picked her up at around 1:00 p.m. as he did each day. He left for work around 4:00 p.m., not knowing that this would be the last time he would see his daughter for 6 years and counting. Soliman returned from work around 8:00 p.m. to find Susan and Evelena gone. The week before, Susan told Soliman that she had an appointment on February 21st to renew her passport at the American Embassy in Abu Dhabi. She said that due to their distance from the embassy and her early appointment time, her plan was to go on the evening February 20th to sleep ~~

at her friend's, Lisa Adamson, until after her appointment. When Soliman called her at noon on the 21st to check-in, her phone was off.

After calling her to no avail, he sent her a message on Facebook. Susan responded that her phone was broken and she and Evelena would be back in two days. They were not. Soliman's subsequent attempts to contact her failed. Trying to get any information about his wife and daughter's location, he sent several messages on Facebook that Susan would read, but not respond to. Desperately, he went to the police station to file a missing person report, but was told that 48 hours had to pass since last contact. He had no other options or means to contact his wife and child.

In the evening of February 23, 2017, Soliman received a call from the Abu Dhabi airport security department, inquiring why his car remained in the airport parking lot for two days. This both shocked and terrified Soliman as there was no reason for it to be there unless Susan brought it and there had been no discussion of her taking a trip, especially with Evelena.[6]

On his way to the airport, he received an email from Susan.[7] She told him that she had made the decision to leave him and the U.A.E. and that she had taken Evelena with her. She had not quit her job, closed any accounts, or gave any

- 6 -

indication that she was planing to leave.[8] She informed him that the separation could be permanent or temporary depending on him, despite the fact that she unilaterally took their child to a country that she knew that, at that time, he was unable to come to or visit their child. She mentioned that she had overheard Soliman say to their three-year-old that she would not be able to see mommy and that she would live with her grandmother, so she went ahead and did exactly what she was fearful he might do. She said she was sorry that Evelena had not been able to have a "proper goodbye" and that while she did not desire to keep Evelena from Soliman, it was a "difficult decision [she] had to make." Despite her allegations, Susan presented no evidence of abuse of isolation from her daughter. Susan made no attempts to utilize the U.A.E. Courts under U.A.E. custody laws, which actually favor the mother retaining physical custody, before she decided it best to remove the Evelena from their home country altogether.

She told Soliman that if he wanted to contact the child that he had seen and helped raise daily since she was born, he would have to do it though her call via Skype, a program that does not work in the U.A.E. and has been intended for government use since 2018.[9] There were alternative video programs that Soliman

---

[8]   See Exhibit 8 "Letter from Susan's Job Regarding Unexplained Absence"

-7-

would later offer, but Susan refused to download them. Heartbroken and distraught, Soliman returned home to find that Susan had taken all of Evelena's official documents, including her passport and birth certificates, leaving Soliman with no documentation for the child and limited means for reconnecting with her.

Soliman now believes that while he intended to be together as a family, Susan actually came to the U.A.E. to pay off her loans in America and find a man whom she could help her pay her debts, have a child, and then flee to the United States with the child in her belief that after her escape, no one would be able to seek justice for Evelena and Soliman.

### Visa Struggles

From 2017 to 2021, Soliman attempted to resolve his immigration troubles so that he could come across the globe and be reunited with his daughter. However, during this time period Syrian citizens faced difficulty obtaining a U.S. VISA due to the restrictions that were imposed by the U.S. State Department on entry. Susan made no attempts to assist with reconnecting Evelena and Soliman after she had separated them during this time.

In December 2019, Soliman asked Susan to return to the Emirates so that they could settle their matters and file for divorce.[10] He even offered that Evelena could stay with her in America, until she was old enough to decide where she

-8-

wanted to live, so long as Susan allowed Soliman to be in her life, visit her, and let Evelena come visit her family in the U.A.E. Despite his repeated offers and attempts, Susan refused to come, telling him she wanted full custody of Evelena, to change her name, and for her to stay in America. Susan told him it was "not [her] fault that he can't travel anywhere" and that she would not be taking Evelena to a "Middle Eastern Country" despite that it is where she was born, and her family are, and her culture originates.

### Dueling Divorce Proceedings

In April 2020, Soliman went to the family court in the U.A.E. to attempt to begin divorce and custody proceedings against Susan. He was informed by the court that he could not officially begin until he was able to produce a copy of Evelena's Birth Certificate and related documents, which Susan had taken. While Soliman began looking for those documents, in May 2020, Susan began divorce and custody proceedings here in Nevada.[11] In June 2020, attorney Amanda Roberts of Roberts Stoffel Family Law Group began contacting Soliman by phone and email service of process in the Nevada divorce proceedings and in his responses and communications with Susan, he informed them of his attempts to start the proceedings in the U.A.E.[12] Soliman and the Court in the U.A.E.

– 9 –

proceedings made several attempts to contact Susan so that she could attend or answer in the U.A.E. divorce hearing when he was able to officially register the case for trial on July 17th, 2020.[13] Soliman asked the firm if Susan would provide her information to be served and appear.[14] She declined to respond and proceeded with her divorce matter here in Nevada and Soliman was served with the Nevada Divorce Documents on July 23rd, 2020 via email.[15] On August 6th, 2020 a default U.A.E. Decree of Divorce was issued for the parties.[16] The court was unable to make a custody determination because Soliman was unable to produce the child as was taken from the U.A.E. 3 years prior at that time. Soliman sent a copy of the U.A.E. Divorce Decree to Susan and Attorney Roberts on August 26th, 2020.[17]

The existence of the U.A.E. proceedings and subsequent Decree was apparently never mentioned or made available to the Honorable Judge in the Nevada proceedings. Thus, the Judge here in Nevada unknowing moved forward and in October 2020, entered a default Divorce and Custody judgment for Susan.[18]

-10-

The Nevada default Divorce Decree, issued on March 23rd, 2021, "divorced" the parties, even though they had already been divorced under the U.A.E. Decree.[19] The Nevada default Decree granted joint legal custody of Evelena to the parties, with Susan having the authorization to make decisions without Soliman's consent, including international travel with the child. The Nevada default Divorce Decree granted Susan primary physical custody of Evelena, ordering that Soliman have no visitation rights. Notably, it ordered that Evelena's last name be changed from her birth name, Alheiyal, to Susan's last name, Swensen, further disconnecting the child from her paternal family and cultural. Susan made this change to Evelena's last name despite strong repeated objection from Soliman and their agreement at Evelena's birth that Susan could choose her first name after her maternal side and Soliman would give the child his last name. By removing Soliman's last name from Evelena, she effectively stripped Soliman of the right to paternity in the UAE by making it more difficult to obtain her information and birth certificate which would aid in his efforts to relocate her and begin custody proceedings in the U.A.E.

### Arriving in America and Attempts to See Evelena

A world away from his daughter, Soliman restarted the process of obtaining

– 11 –

---

[19]  See Exhibit 18, "Nevada default Divorce Decree and Custody Order"

a U.S. Visa in efforts to see her. Fortunately, this time it was granted. Sacrificing his job, home, and family to seek reunification with his daughter, Soliman arrived in Las Vegas on December 7th, 2021 and begin working on how he could be with her.

On December 17th, 2021, Soliman, acting prose, filed a Motion for Kidnapping the Common Child from Outside the USA with the courts, in efforts to get some legal aid on reconciling with his daughter.[20] The Motion was scheduled for a hearing on January 27th, 2022, but the motion was denied and hearing cancelled on January 25th because Soliman, unfamiliar with the laws or service of process in the US, failed to properly serve Susan or her attorney.[21]

Determined to not give up on his daughter, Soliman filed a second Motion In Proper Person for Kidnapping against Susan on January 26th, 2022 in a desperate attempt to find recourse.[22] Susan, via Michael Burton of the McFarling Law Group, filed an opposition on February 15th, 2022 which inaccurately described the status of the parties as Soliman having abandoned Susan and Evelena when she was sick and claiming he was derelict in seeking reunification with Evelena, despite his repeated attempted since Susan took Evelena from the U.A.E. without

– 12 –

telling Soliman.[23] The Court found that Soliman, who was acting In Proper Person and was unfamiliar with the laws or court proceedings in the U.S., had not adequately plead grounds to modify custody and denied his motion on March 11th, 2022. [24]

Not deterred, he filed a FMC Request and Order for Mediation with the courts on April 11th, 2022.[25] Curiously, later that month Soliman received an email with a filed Temporary Restraining Order filed April 15th, 2022, four days after his mediation request. The order was for Susan and Evelena against him for a period of one year issued in the State of Arizona, where Susan now claimed to reside, despite not having reported a change of address to the Nevada Welfare Department or Court.[26] The order prevented Soliman from contacting either Susan or Evelena, despite the fact that he has never been to Arizona, had no contact with Susan in Arizona, and to his knowledge and her February 15th Opposition motion, she was a resident of the State of Nevada at that time.

Soliman seeks to be reunited with his daughter after 6 long years despite making every effort. She has not seen her family or learned of her home culture. In spite of claiming to not want to withhold Evelena from Soliman, Susan has

_ 13 _

taken every step necessary to ensure that result, including taking her across the world to a foreign country that she knew Evelena's father did not have access to, changing her name, and refusing to allow her to even visit her father or her grandparents and aunts, and opposing every legal proceeding he commences to be reunited with her. Soliman does not know where his daughter currently is. Soliman prays this Court grant him relief by helping him to locate and be reunited with his daughter.

## II.   LEGAL ARGUMENTS:

### A.   THE DEFAULT NEVADA DIVORCE DECREE ISSUED ON MARCH 23RD, 2021 SHOULD BE SET ASIDE AND THE CHILD SHOULD BE PRODUCED AND RETURNED TO THE UNITED ARAB EMIRATES.

The original custody determination was made in the March 2021 Nevada Divorce Decree, issued after the August 6th, 2020 U.A.E. The Defendant contends that any language in the Nevada Divorce Decree referencing the parties marital status, assets, or distribution thereof, should be set aside.

The Defendant's overall contention is that a custody determination should never have been made in Nevada at all considering the child was only present here because of her unlawful removal from the U.A.E. The Defendant requests that this court order the immediate return of the child to the U.A.E. to make a custody determination.

-14-

<u>Proceedings of Fraud divorce and child custody decrees in Nevada family</u> <u>court based on attorneys influence and perjury in the court without a proper</u> <u>Legal ground or Proper Authorities and Proper jurisdictions On The</u> <u>Disputed Parties .</u>

On May /2020 the defendant Susan Jane swensen through her attorney /Robert stoffel law group filed for divorce and custody for the child / Evelena Sophia Abou Alheiyal  In Nevada family court when the defendant / Susan Jane Swensen was aware of the divorce proceeding in the UAE court the country of the proper jurisdictions and authorities on all the parties Her attorney / Robert Stoffel law group was authorized by Nevada family court to establish a communication with the plaintiff in his home country . The attorney Robert stoffel law group initiated a communication with the plaintiff through the email address regarding the divorce and custody matter in Nevada family court .

The plaintiff informed the defendant attorney clearly and proven through Email communications that the child Evelena Sophia has been trafficked And kidnapped from her home country without the knowledge and approval From her father and legal guardian and about the divorce proceedings in The UAE court which was under process in the court .

<u>That information has not been submitted to the family court of Nevada .</u>

- \5 -

Nevada law NRS [125A.385] requires all the parties under oath to provide All the information about the child in the past 5 years and information about The Child and Any other proceedings affecting the current proceedings in Nevada family Court .

Were such information was not available to Nevada family court in order to help proceeding fraud and perjury in Nevada family court.

The defendant attorney / Robert stoffel law group received the divorce decree from the UAE court the country of jurisdiction on the matter on : 08/06/2020 .

The family court of Nevada failed to the extent to establish any proper Communication with the case parties or with the united states department Of state in order to determine the proper legal ground and proper Authorities and the proper jurisdictions in addition they failed to investigate The matter on proper legal ground and proper authorities and jurisdictions Were they proceed fraud decree based on fraud information from attorneys Who have influence on the family court of Nevada.

For such a proceeding in Nevada family court it must be a strong Influenced attorney who practices the different types of influence on the Court through the connections or through the corruption.

_ 16 _

Noting that the first defendant / Susan Jane swensen stayed in Arizona for 3 years when she kidnapped the child from UAE and before her move to Nevada State and she was unable to proceed a fraud child legal identity change from Arizona state court or legalize the criminal forcible disappearance of the child in Arizona state court due to the strong and impartial and transparental judicial system in Arizona state which is completely opposite than the judicial system in Nevada state which is controlled by fraud and forgery , perjury gangsters

The plaintiff motion has been closed and the Scheduled hearing On : 03/10/2022 has been cancelled due to the strong influence of fraud and forgery attorneys on Nevada family court through the attorneys Robert stoffel law group and due wrong estimation of the family court thinking that the plaintiff is going to give up on his case and leave the country and forget about his daughter since they committed fraud and forgery and perjury during the entire proceedings of their fraud decree of the case .

Right after the cancellation of the plaintiff hearing in the family court of Nevada the plaintiff received a protection order from the court of Arizona requesting the plaintiff to stay away from his daughter and not even think to try to make any contact requesting to see his daughter were the violation of the protection order will result sanctions including imprisonment of the plaintiff .

-17-

Later on October /2023 the plaintiff filed a second motion through his attorney ( Dempsey Roberts & Smith )  requesting to set aside the illegal and fraud custody and fraud decree from Nevada family court  and return the child to her home country,  which has been rejected And the plaintiff attorney has been threatened and withdrawn from representing the plaintiff illegally by the family court of Nevada from the first Appearance with the plaintiff and after he has been paid in full by the plaintiff for the case .

<u>The plaintiff motion with all his requests has been rejected and he received anti abduction and protection order from the Nevada family court .</u>

The plaintiff attorney stated later to the plaintiff that the case is difficult since there is a strong opposition from the opposite side were the case will end up  costing the plaintiff around 100000$ ( hundred thousand dollars ) which is totally different than the agreement between the plaintiff and his attorney , were such a statement could be clear to the plaintiff that the attorney has to pay the court more than what the opposite party paid in order to enable him restore his child name and visit his child and take the child home when needed .

Right after the rejection of the plaintiff motion and requests from Nevada family court The plaintiff referred the case to the supreme court of Nevada who failed to the extent to cite and establish a proper legal ground or proper legal authority for the family court illegal decree through failing to provide a proper legal answers for a major federal questions requested by the plaintiff .

-18-

Were the plaintiff presents all the evidences  of the fraud proceedings through the perjury of the defendant attorney in Nevada family court  to the supreme court of Nevada but the supreme court refused to take any proper legal decision based on proper legal ground , their decision was similar to the Nevada family court decision in addition to the supreme court of Nevada official major failure to cite or establish a proper legal grounds and authorities or proper jurisdictions on the whole matter .

The supreme court of Nevada stated that the fraud divorce decree of Nevada family court can't be set a side due to period of 2 years for setting a side the fraud decree has been passed . But unfortunately they forgot that the law  of Nevada that stated the 2 years period to set a side any divorce decree is  applied and enforced on the US citizens only who resides in nevada or any other state but that law doesn't apply on exporting fraud decrees to a foreign citizens and foreign government abroad who have never subject to any us laws and never step a foot inside the united states since the foreign citizen subjects only to their states laws when they have never stepped a foot in the United states during or prior to that period of proceedings

In addition to the lake of any international treaty granting the Nevada courts the legal authority to proceed such fraud and forged decrees .

In addition to the that the foreign citizens are immunted by their state laws and constitution which constitute that [the all the citizens civil and personal status including the family and marriage and divorce is exclusively limited by proper jurisdictions and authorities and laws of state  to where those foreign citizen resides ] were that means the state who has a proper

_ 19 _

jurisdictions and authorities on all the parties is the state were the civil status including the ( divorce & custody and other related matter )

## The Continuous Rejection And Denial for the father visitation Rights

On October / 2024 the plaintiff filed a motion to establish a visitation rights for his daughter but his motion has been rejected by the court on the hearing date on January /2025 the court stated that the plaintiff parental rights should be terminated since there is a case of terminating the parental rights scheduled in June /2025 due to absence of the plaintiff from his child life when the family court forcibly disappearance of the child from his father due to the strong influence of fraud and forgery gangsters attorneys on the family court of Nevada and the judicial system in Nevada state in general .

## Rejection and denying of the visitation rights to the child grandmother

On December 2024 the child grandmother who was the baby sitter of the child during her life in her home country in UAE

- 20 -

Arrived to United states for visitation the grandmother of the child contacted the attorney of the defendant / Robert stoffel law group regarding her visitation by email .

The defendant attorney Robert stoffel law group replied to her email on the same day saying that her visit request is denied .

The grandmother filed a motion for visitation request in the family court of Nevada but on the scheduled hearing date on : 01/30/2025 her request has been rejected by the court  reasoning that the grandmother haven't seen the child for many years when the child has been trafficked and kidnapped and forcibly disappeared from all of her family members due the strong control of fraud and forgery gangsters on the family court of Nevada .

## Proceedings Of Fraud Trails without proper Authorities & Legal Ground

On December/2024 The family court of Nevada under influence of attorney on the  the court proceeded a trial for termination of parental rights of the plaintiff without any proper authorities or proper legal grounds . The plaintiff requested in mutiple occasions through a motion filed in the family court in Nevada to provide him the proper legal ground and the proper authorities for such trial since he is a foreign citizen and his daughter is a foreign citizen by birth and law and the parental rights is strictly irrevocable rights by law and  no party whether it is a foreign government or a foreign court or the authority who hires the judges in that foreign state can terminate the parental rights .

_ 21 _

But the corruption and fraud & forgery authorities of the family court in Nevada have failed to the extent to provide the plaintiff the proper authorities and the proper legal grounds for the trial of the termination of parental rights but they insisted on holding the trial on the date of : 06/27/2025

On the trial date inside the court the plaintiff repeated his request to Nevada family court to provide him with the proper authorities and legal grounds for the trial but the Nevada family court failed to the extent to provide him any proper legal ground or authorities for this trial .

Were such proceedings confirms that the Nevada family court is controlled by fraud and forgery gangsters attorneys who proceeded all types of fraud and forgery by a fraud decree from Nevada family court .

## Legal Arguments

The child Evelena Sophia Abou Alheiyal is a foreign citizen at birth, she acquired the US citizenship after birth ,

The child's father is his legal guardian by law and constitution of the foreign country were she belong to .

Since the father is the official exclusive legal guardian of the child by law and constitution of the state were the father and the child belongs , the

– 22 –

father who is the official legal guardian didn't authorize any person or a foreign court or government to act as the legal guardian of his child .

During to the processing of the US citizenship the father and legal guardian grant the consent to issue a us passport for the child in order to facilitate her travel to the united states to meet with the rest of her family members from her mother side but the father and official legal guardian of the child didn't authorize any court or Entity Or any other official authority to act as the legal guardian of the child .

 As a result for the legal guardianship of the father and the original citizenship for the child the family court of Nevada is not authorized to make any major changes to the child's legal identity by any laws .

The family court of Nevada is not authorized to forcibly disappear the child from his father and official legal guardian

When the father is unable to know whether the child is a life or dear or has been sold .

Such criminal behavior and proceedings by the family court of Nevada Confirms the corruption in the court and the strong control of the fraud and Forgery and corruption gangsters attorneys on the family court of Nevada Since they are able  proceed any fraud decree without proper authorities or Proper legal ground or proper jurisdictions on the disputed parties .

-23-

The fraud divorce and custody decree issued by the family has been Proceeded under fraud and perjury from the attorneys were the family court Of Nevada didn't investigate any proper fact or contacted the disputed Parties of the case or contacted the United States department of state or The foreign consulate of the state were the foreigners belong .

The Nevada family court is not authorized to proceed a fraud decree against foreigners who reside in their home state and have never stepped foot inside the United States at that time due to the lack of international Treaties that would prevent such illegal and fraud proceedings.

The foreign citizens are immune by their state laws and constitution  that constitutes the civil and personal status of the citizens including their family Status divorce and marriage and custody matters is jurisdicted and Protected by the foreign state local laws .

In addition to the presence of foreign state divorce decree prior to the Nevada family court decree that has been received and concealed by the Defendant attorney/ Robert stoffel law group from Nevada family court.

_ 24 _

## Conclusion

Based on the above point and authorities for the plaintiff claim the plaintiff is Claiming a compensation of 35 million dollars due to the forcible Disappearance of his child accompanied with fraud and forged child identity Change in order to prevent the father from searching his child and when the Father of the child is unable to determine whether his daughter is a life or Dead or has been sold since the family court of Nevada is proceeding such Proceedings without any proper authorities or proper legal grounds or Proper jurisdictions were such proceedings confirms the influence and Control of fraud and forgery gangsters on the family court of Nevada were The Nevada family court is an official partner in the fraud and forgery Proceedings In addition to 35000$ (Thirty five thousands dollars legal expenses )

Alaa Soliman Abou Alheiyal

07-08-2026