**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Alaa Soliman Abou Alheiyal,

Plaintiff,

vs.

Susan Jane Swensen, et al.,

Defendants.

Case No. 2:25-cv-02352-GMN-MDC

**ORDER**

Pro se plaintiff filed a *Motion to Set the Point and Authorities and the Legal Grounds of His Claims* ("Motion to Set") (ECF No. 28) and *a Motion to Request the Transfer of the Nevada Courts Cases File to the US District in Nevada* ("Motion to Transfer") (ECF No. 33). Pro se defendant Susan Jane Swensen filed a *Motion to Stay Discovery* ("Motion to Stay") (ECF No. 36), and a *Motion for a Protective Order* ("Motion for a Protective Order")(ECF No. 50).

The Court **DENIES** the Motion to Set (ECF No. 28) *without prejudice*, with leave to refile once the plaintiff addresses the deficiencies discussed in this Order. The Court **DENIES** the Motion to Transfer. *ECF No. 33*. The Court **GRANTS** the Motion to Stay Discovery. *ECF Nos. 36.* The Court **DENIES** the Motion for a Protective Order. *ECF No. 50.*

**I. MOTION TO SET (ECF NO. 28)**

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). While this Court must liberally construe pro se pleadings, if a pro se litigant's request is unclear, a Court may deny the request. *Ferguson v. F/V The Porn Star*, No. 23-CV-1338, 2024 WL 2801996, at *2 (W.D. Wash. May 31, 2024)(Denying pro se "Motion for Judicial

Relief" without prejudice because the request was unclear to the Court.")

In plaintiff's Motion to Set, plaintiff states that he is Syrian, he married the individual defendant American Susan Jane Swensen in the United Arab Emirates and they have a child together. *ECF No. 28*. Plaintiff alleges that Swensen kidnapped the child and moved back to the United States. *Id*. Plaintiff alleges that over the years he has tried to navigate the Nevada state court system, but he did not understand it. *Id*. Plaintiff discusses the facts of his case in great detail, but it is unclear what action plaintiff wishes the Court to take in this motion. For example, it is unclear if plaintiff is moving to amend his complaint by adding additional facts, or if plaintiff is seeking early summary judgment (which may be premature, given that most defendants have not yet been served). The plaintiff should familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court. If plaintiff refiles the instant motion, he should retitle the motion to help the Court understand what relief he needs from the Court (such as "Motion to Amend Complaint" or "Motion for Summary Judgment). The Court thus denies the instant Motion to Set without prejudice.

## II. MOTION TO TRANSFER ECF NO. 33

Under 28 U.S.C.A. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C.A. § 1441(a). The domestic relations exception divests federal courts of power to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). The domestic relations exception includes the modification of an existing state-court decree. *Bailey v. MacFarland*, 5 F.4th 1092, 1096 (9th Cir. 2021).

Plaintiff argues in his Motion to Transfer that several state court cases, which appear to be divorce and custody cases, should be transferred to this Court. *ECF No. 33*. Divorce and custody cases cannot be transferred to federal court because the domestic relations exception divests this Court from

the power to issue or modify these cases. *See Ankenbrandt* at 693 and *Bailey* at 1096. To the extent that plaintiff is seeking to remove any state court cases to federal court, removal can only be exercised by the defendant in a case. See 28 U.S.C.A. § 1441(a). To the extent that plaintiff is seeking to modify the custody case (for example, plaintiff argues that he wants to be able to visit his child via video) he should seek modification in the family court case, not in this case.[1] The Court thus denies the Motion to Transfer. *ECF No. 33*.

## III. MOTION TO STAY DISCOVERY (ECF NO. 36)

Federal courts have the "power to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).

The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two

[1] Plaintiff may be able to obtain help in family court through the family law self-help center: https://perma.cc/CA5Q-UAH8.

elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

Pro se defendant Swensen filed a motion to dismiss, which is currently pending before the Court, alleging that she has not been properly served. *ECF No. 35*. The issue of service is a legal issue that can be decided without discovery. Reviewing the defendant's request to stay discovery in the light most favorable to the plaintiff, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery. Applying the pragmatic approach, the Court finds that the pending motions to dismiss can be decided without additional discovery and that good cause supports a stay to promote efficiency and reduce expenses. It does not appear that plaintiff needs discovery to defeat the motion to dismiss. The defendant, on the other hand, would be prejudiced if discovery commenced now because her motion to dismiss is directed at a threshold legal issue. It is early in the case, and it would be more efficient to resolve this issue now, if possible. The pending motion to dismiss can be decided without discovery. The Court finds good cause to stay discovery until the Court resolves the issues the defendant raises in the motion to dismiss. The Court finds staying discovery is appropriate in this case.

**IV. MOTION FOR A PROTECTIVE ORDER (ECF NO. 50)**

The plaintiff argues in her Motion for a Protective Order (ECF No. 50) that plaintiff should be restricted from filing in this case. The Court DENIES plaintiff's motion. First, this is an extreme remedy that contravenes the plaintiff's right to be heard and considered and defendant does not provide any legal authorities that support her request. *See Local Rule 7-2(d)*("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Second, plaintiff has stated that he does not understand how to navigate the Court system, the Court will give plaintiff the benefit of the doubt and again cautions him that he must familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of Court when filing documents, particularly documents that include personal information about himself, the defendant, or their child. For example,

Local Rule IC 6-1(a) states, in relevant part, that "Parties must refrain from including—or must partially redact, where inclusion is necessary—[certain]… personal-data identifiers from all documents filed with the court…," Failing to follow the rules, may result in such documents being struck from the docket and not considered by the Court.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion to Set the Point and Authorities and the Legal Grounds of His Claims* (ECF No. 28) is **DENIED WITHOUT PREJUDICE**, for the reasons discussed in this Order.
2. Plaintiff's *Motion to Request the Transfer of the Nevada Courts Cases File to the US District in Nevada* (ECF No. 33) is **DENIED.**
3. Defendant Susan Jane Swensen's *Motion to Stay Discovery* (ECF No. 36) is **GRANTED.**
4. Discovery in this matter is **STAYED** pending resolution of defendants' motion to dismiss (ECF No. 35).
5. If claims remain after the Court resolves the motion to dismiss, **within two weeks** of the entry of the Court's order(s), the parties shall meet and confer and file a stipulated discovery plan and scheduling order incompliance with Local Rule 26-1.
6. Plaintiff is directed to please familiarize himself with the Rules of Civil Procedure and the Local Rules of Court as discussed in this Order.
7. Defendant's *Motion for a Protective Order* (ECF No. 50) is **DENIED.**

Dated: September 15, 2026.

______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**